IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| HOWLAND 3 INVESTMENTS, LLC et. al., ) | |
| ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No.  3:09-cv-00451 – JPG -DGW |
| ) | |
| HERITAGE COAL COMPANY, LLC et. al. ) | |
| ) | |
| Defendant. ) | |

## ORDER

Currently pending before the Court is the Motion for Reconsideration filed by the Plaintiffs Howland 3 Investments, LLC, Easy Street Auto Wash, Inc., and Jeff McCarty and the Defendant Heritage Coal Company, LLC, asking the Court to reconsider the denial of the Joint Motion for Entry of a Stipulated Protective Order (Doc. 51).  For the reasons set forth below, the motion is **DENIED WITHOUT PREJUDICE**.

## LEGAL STANDARDS

Rule 26 of the Federal Rules of Civil Procedure permits litigants to seek an order to protect relevant and discoverable material.  However, this Court has a duty to ensure that all proposed protective orders strike a proper balance between the public's interest in accessing non-confidential information and the parties' interest in maintaining confidentiality with regard to materials unsuited for public disclosure. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) ("The judge is the primary representative of the public interest in the judicial process and is duty bound therefore to review any request to seal the record (or part of it).").  The court must make a finding that "good cause" exists for sealing some

part of the record; the Court may not "rubber stamp" the parties' agreed-upon stipulation of confidential materials without making the necessary finding of good cause. *Id.* The Court also cannot give the parties "virtual carte blanche" to seal whatever portions of the record parties so designate. *Id.* at 944. The Seventh Circuit has provided guidance regarding what an acceptable protective order contains.

> There is no objection to an order that allows the parties to keep their trade secrets (or some other properly demarcated category of legitimately confidential information) out of the public record, provided the judge (1) satisfies himself that the parties know what a trade secret is and are acting in good faith in deciding which parts of the record are trade secrets and (2) makes explicit that either party and any interested member of the public can challenge the secreting of particular documents.

*Id.* at 946.

## ANALYSIS

The proposed protective order is deficient under the Seventh Circuit standards. The Motion to Reconsider indicates that the parties seek to keep out of public record certain confidential and proprietary information. The proposed order, however, does not clearly define which documents contain the confidential and proprietary information, nor does the order specify the types of information entitled to the confidential designation. The proposal stipulates that documents may be designated as "confidential" by Plaintiffs if the documents contain "sensitive and proprietary" information, and goes no further in explaining which documents are subject to the order. Merely classifying any documents that the parties consider to be confidential as subject to the protective order would be equivalent to granting "virtual carte blanche" to either party, which goes directly against the guidance of the Seventh Circuit. *Citizens*, 178 F.3d at 944. No party or interested member of the public could determine which information is deemed confidential. Furthermore, nowhere does the proposed order demarcate categories of confidential information so that the Court can be confident the parties clearly know

what falls under the Court's order so they are competent to make the determination themselves. Without such demarcation, the proposed order allows the parties to designate as confidential whatever information they choose.

The parties are reminded that nothing prevents them from making an agreement among themselves as to what portions of discovery are subject to non-disclosure, but the Court will not put its imprimatur on a protective order that does not comport with the dictates of the Seventh Circuit jurisprudence.

## CONCLUSION

For the foregoing reasons, the Motion to Reconsider (Doc. 52) is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

**DATED:  July 22, 2010**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON
United States Magistrate Judge**
